UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATE ROY,<br><br>                              Plaintiff,<br><br>     - against -<br><br>DOPE MAGAZINE II, LLC<br><br>                              Defendant. | Docket No. 1:18-cv-01000<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Kate Roy ("Roy" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Dope Magazine II, LLC ("Dope" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Plaintiff's daughter Ryane with facepaint, owned and registered by Roy, a professional photographer. Accordingly, Roy seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Roy is a professional photographer in the business of licensing and selling her photographs for a fee having a usual place of business at 1861 River Road, Apt. #1311, Boerne, Texas 78006.

6. Upon information and belief, Dope is a limited liability corporation duly with a place of business at 1818 Westlake Avenue North, Seattle, Washington 98109. At all times material, hereto, Dope has publishing a magazine called Dope Magazine (the "Magazine").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photograph

7. Roy photographed her daughter Ryane with facepaint (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Roy is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-085-403.

### B. Defendant's Infringing Activities

10. Dope copied the Photograph and placed it in December 2017 Magazine. A copy of the Photograph in the Magazine is attached hereto as Exhibit B.

12. Dope did not license the Photograph from Plaintiff for its Magazine, nor did Dope have Plaintiff's permission or consent to publish the Photograph on its Magazine.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DOPE)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Dope infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Magazine. Dope is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Dope have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DOPE**
**(17 U.S.C. § 1202)**

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

19. When the Photograph was first published it contained copyright management information surrounding the Photograph under 17 U.S.C. § 1202(b).

20. Upon information and belief, in its article on the Magazine, Dope copied the Photograph and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

21. The conduct of Dope violates 17 U.S.C. § 1202(b).

22. Upon information and belief, Dope falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

23. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Dope intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Dope also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

24. As a result of the wrongful conduct of Dope as alleged herein, Plaintiff is entitled to recover from Dope the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Dope because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

25. Alternatively, Plaintiff may elect to recover from Dope statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Dope be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

3. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
February 15, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Kate Roy*